UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RICHARD SEPULVEDA, an individual,<br><br>             Plaintiff,<br><br>     v.<br><br>ROSA MADERA LLC, doing business as Rosa Madera Sabores de Mexico; EL PUESTO EG, LLC, doing business as El Puesto Cocina and Lounge; and EUREKA DEVELOPMENT COMPANY LLC;<br><br>             Defendants. | No. 2:24-cv-3060 WBS AC<br><br>MEMORANDUM AND ORDER RE: DEFENDANT EL PUESTO EG, LLC'S MOTION TO DISMISS |

----oo0oo----

Plaintiff Richard Sepulveda ("plaintiff") brought this action against defendant El Puesto EG, LLC ("defendant"), doing business as Rosa Madera Sabores de Mexico, and co-defendant Eureka Development Company LLC ("co-defendant"), alleging (1) violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, 12181-82, 12188, 12203; (2) denial of full

1

1  and equal access to public facilities, Cal. Health & Safety Code
2  §§ 19955-56; (3) violations of the Unruh Civil Rights Act ("Unruh
3  Act"), Cal. Civ. Code §§ 51-52; and (4) violations of
4  California's Disabled Persons Act ("CDPA"), id. §§ 54, 54.1,
5  54.3.  (See Compl. ¶¶ 18-71 (Docket No. 1).)[1]

6  Defendant now moves to dismiss plaintiff's complaint
7  pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of
8  subject-matter jurisdiction.  (See Def.'s Notice of Mot. & Mot.
9  to Dismiss (Docket No. 12).)

10  "If the court determines at any time that it lacks
11 subject-matter jurisdiction, the court must dismiss the action."
12 See Fed. R. Civ. P. 12(h)(3).  Under Article III of the
13 Constitution, the court may only adjudicate "cases" and
14 "controversies."  See U.S. Const. art. III, § 2 (cleaned up).
15 Standing pertains to the court's subject-matter jurisdiction
16 under Article III and may be challenged in a motion to dismiss
17 under Rule 12(b)(1), which defendant has done here.  See White
18 v. Lee, 227 F.3d 1214, 1241-42 (9th Cir. 2000).

19  Article III standing requires that a plaintiff show
20 "(i) that he suffered an injury in fact that is concrete,
21 particularized, and actual or imminent; (ii) that the injury was
22 likely caused by the defendant; and (iii) that the injury would
23 likely be redressed by judicial relief."  TransUnion LLC v.

---

[1] Rosa Madera Sabores de Mexico is defendant's restaurant.  (See Compl. ¶¶ 3-8.)  Co-defendant is a commercial landlord which owns the restaurant's premises and has not moved to dismiss the complaint.  (Id.)  The parties do not mention "Rosa Madera LLC" or "El Puesto Cocina and Lounge" except in passing.

2

Ramirez, 594 U.S. 413, 423-24 (2021). Plaintiff bears the burden of demonstrating that he has standing. See id. at 430-31. When the "case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing. Spokeo, Inc. v. Robins, 578 U.S. 330, 338-39 (2016) (omission in original) (quoting Warth v. Seldin, 422 U.S. 490, 517-18 (1975)).

"Under the ADA, when a disabled person encounters an accessibility barrier violating its provisions, it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or using the facility in any way." Chapman v. Pier 1 Imps. (U.S.) Inc., 631 F.3d 939, 946-47 (9th Cir. 2011). "Rather, the barrier need only interfere with the plaintiff's 'full and equal enjoyment' of the facility." Id. (quoting 42 U.S.C. § 12182(a)). The ADA Accessibility Guidelines ("ADAAG") "establish[] the technical standards required for 'full and equal enjoyment.'"[2] Id. at 947-48.

To suffer an injury in fact for purposes of Article III standing, plaintiff need only "encounter[] or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation." Id. Plaintiff's suit must be "limited to barriers related to his particular disability." Id. An ADA barrier exists when there is a violation of the ADAAG. Id.

Because plaintiff has "lumbar disc disease and

---

[2] "The ADAAG were promulgated by the United States Access Board and establish a national standard for minimum levels of accessibility in all new facilities or the remodeling of existing facilities." See Kraus, 2018 WL 3388554, at *1-2 & n.1 (citing Chapman, 631 F.3d at 947-48 & n.5).

3

1  degenerative arthritis," he is substantially limited in his
2  ability to walk and "must use a walker" for mobility, and
3  "sometimes must sit in his walker as if it were a wheelchair.".
4  (See Compl. ¶ 6.)
5       Co-defendant owns the business complex at 7521 West
6  Stockton Boulevard, Sacramento, CA, where the restaurant is
7  located.  (Id. ¶¶ 1-3.)  This business complex, including the
8  restaurant, is a public accommodation.  (Id. ¶¶ 3-17.)  On July
9  7, 2024, plaintiff visited the restaurant and alleges that he
10 encountered certain physical barriers to his access to the
11 restaurant.  (Id. ¶ 12.)  As a result, plaintiff alleges that he
12 was and continues to be deterred from visiting the restaurant but
13 plans to return to it once the barriers are redressed.  (Id. ¶¶
14 5-14.)
15      Plaintiff alleges that he encountered at least the
16 following ADA barriers at the restaurant which relate to his
17 disability: First, plaintiff alleges that defendant's "restrooms
18 were not accessible for users of walkers."  (Id. ¶ 4(a).)  In
19 particular, the restrooms' "sinks did not have enough space for
20 legs or feet underneath."  (Id.)  Second, plaintiff alleges that
21 "dining seating was not accessible to users of walkers,
22 consisting of tables that did not possess the required
23 characteristics, including space under [the] table for
24 plaintiff's legs" when he sits in the walker.  (Id. ¶ 4(b).)  The
25 ADAAG provides, in relevant part, certain rules pertaining to the
26 minimum space required to accommodate plaintiff's legs and feet.
27 See 36 C.F.R. pt. 1191 App. B § 306.
28      Defendant argues that plaintiff's allegations are

4

conclusory because he merely states that the sink and table were difficult to use. (See Docket No. 12-1 at 7-10.) Defendant raises a good point. Plaintiff is what could tactfully be called a frequent filer of ADA claims. A quick review of the court records indicates that he and his attorney have filed 171 cases in the Northern District of California and in the last 18 months have filed 20 cases in this court. The court mentions this not because there is any prohibition against frequent filers. To the contrary, the law seems to favor such practice in ADA cases. The court mentions it only to point out that since plaintiff and his attorney have gone through this process so many times, they ought to be able to be more specific in their allegations.

Plaintiff alleges that defendant's dining tables and restroom sink do not comply with the ADAAG because his legs do not fit under them when sitting in his walker, which deters him from returning to its restaurant. (See Compl. ¶¶ 4-15.) While plaintiff does not have to allege facts showing why or how he was unable to use the sink, or what type of walker he used such that he needed to roll his knees and toes under it, it would certainly make it easier for the defendant and the court to understand his claim if he did. Instead, the law requires only that plaintiff plead that the restaurant's facilities are noncompliant with the ADAAG as they pertain to his disability. See Barnes v. AKM Foods Inc., No. 2:22-cv-311 WBS CKD, 2022 WL 3229832, at *2-3 (E.D. Cal. Aug. 10, 2022) (denying motion to dismiss on same ground for similar reason). The allegations of the complaint sufficiently

1  do so.[3]  Accordingly, plaintiff has standing on his federal
2  claim.
3         Plaintiff also has standing to bring his state law
4  claims because he alleges that he encountered accessibility
5  barriers at the restaurant in violation of the ADA.  See, e.g.,
6  Cal. Civ. Code § 51(f) ("A violation of the right of any
7  individual under the federal Americans with Disabilities Act of
8  1990 shall also constitute a violation of [the Unruh Act].").
9  "The ADA, CDPA, Unruh Act, and California Health and Safety Code
10 all address essentially the same rights of being free from
11 discrimination based on physical disability and having full
12 access to accommodations generally available to the public."
13 Wilson v. Wal-Mart Stores, Inc., No. 05CV1216, 2005 WL 3477841,
14 at *4 (S.D. Cal. Oct. 5, 2005) (cleaned up).  Accordingly, the
15 requirements of standing are satisfied as to all of plaintiff's
16 state law claims, which are his second, third, and fourth claims.
17        IT IS THEREFORE ORDERED that defendant's motion to
18 dismiss (Docket No. 12) be, and the same hereby is, DENIED.[4]

---

[3]  The complaint could be said to serve as a model of vague language aimed at stating just enough factual matter to survive a motion to dismiss, but nothing more.  Were the court to grant the motion to dismiss, it would have to give plaintiff leave to amend the complaint, which would only further accrue attorneys' fees.

[4]  Defendant requests that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims.  (See Docket No. 12-1 at 10-12 (citing Arroyo v. Rosas, 19 F.4th 1202, 1209-13 (9th Cir. 2021).)  The Ninth Circuit has acknowledged that frequent filers of disability access suits similar to the instant action may favor federal over state courts and reversed the lower court for declining to exercise supplemental jurisdiction over disability-related claims arising under state law.  See Arroyo, 19 F.4th at 1209-13.  Because the

Dated:  May 29, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

court finds that plaintiff has standing to bring his ADA claim, it DENIES defendant's request.  See Kraus v. Sonoma K, LLC, No. 2:18-cv-682 WBS EFB, 2018 WL 3388554, at *2 & n.3.