UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RICHARD SEPULVEDA, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROSA MADERA LLC, doing business as Rosa Madera Sabores de Mexico; EL PUESTO EG, LLC, doing business as El Puesto Cocina and Lounge; and EUREKA DEVELOPMENT COMPANY LLC;<br><br>　　　　Defendants. | No. 2:24-cv-3060 WBS AC<br><br>ORDER |

----oo0oo----

On March 7, 2025, defendant El Puesto EG, LLC ("defendant"), doing business as Rosa Madera Sabores de Mexico, moved to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that plaintiff Richard Sepulveda ("plaintiff") lacked an injury-in-fact related to his visit of defendant's establishment. (See Docket No. 12-1

1

1 at 7-10.)  On May 29, 2025, the court found that plaintiff has
2 standing and denied defendant's motion to dismiss.  (See Docket
3 No. 20 at 3-6.)  On June 2, 2025, defendant moved for
4 reconsideration of the order denying the motion to dismiss on the
5 ground that the case is moot because of modifications defendant
6 had made to its facilities.  (See Docket No. 21 at 1-2.)

"The court may grant reconsideration under Federal Rules of Civil Procedure 59(e) and 60." Nguyen v. Stoller, No. 2:23-cv-1157 WBS DMC, 2024 WL 4012849, at *1 (E.D. Cal. Aug. 30, 2024), appeal dismissed, No. 24-5142 (9th Cir. Sept. 4, 2024).  However, Rule 59(e) only applies to "judgments," see Fed. R. Civ. P. 59(e) (citation modified), and the denial of a motion to dismiss is not a judgment.  (See Docket No. 20 at 6.) Accordingly, the court will apply Rule 60.

Under Rule 60(b), the court may grant reconsideration "based on: mistake, inadvertence, surprise, or excusable neglect; and fraud, misrepresentation, or misconduct of an opposing party." Nguyen, 2024 WL 4012849, at *1 (citation modified).  The court may also grant reconsideration for "any other reason that justifies relief."  Id. (citing Fed. R. Civ. P. 60(b)(6)).[1]

Having considered defendant's motion, the court finds that it has not met the standard for reconsideration, and relief

---

[1] Under Rule 60(a), the court may grant reconsideration "based on clerical mistakes." Nguyen, 2024 WL 4012849, at *1. The court may also correct "a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." See Fed. R. Civ. P. 60(a).  In addition, Rule 60(b) lists certain other reasons that the court may grant reconsideration which are specific to a judgment. See Fed. R. Civ. P. 60(b)(2), (4)-(5).  These provisions do not apply here.

is not warranted.  See id.  Plaintiff's expert declaration indicates that the case still contains a live controversy regarding the accessibility of defendant's restaurant. (See Decl. of Roberto Cortez Ex. 1 at 13-19 (Docket No. 26).) Defendant's expert disagrees.  (See Decl. of Kelly Bray Exs. A-B at 8-13 (Docket No. 29).)  But at this stage, the court is not in a position to resolve genuine disputes of material fact created by the parties' dueling expert declarations.  See Bowen v. Energerizer Holdings, Inc., 118 F.4th 1134, 1143-44 & n.8 (9th Cir. 2024).[2]

       IT IS THEREFORE ORDERED that defendant's motion for reconsideration (Docket No. 21), be, and the same hereby is, DENIED.

Dated: July 28, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] Defendant filed seven evidentiary objections in response to plaintiff's expert declaration, for lack of relevance.  (See Docket No. 28 at 2-3.)  The court OVERRRULES defendant's objections in full.  See Sywula v. Teleport Mobility, Inc., 652 F. Supp. 3d 1195, 1228-29 (S.D. Cal. 2023) (citing Burch v. Regents of Univ. of Cal., 433 F. Supp. 2d 1110, 1119-20 (E.D. Cal. 2006) (Shubb, J.)).